IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT, | ) CIVIL NO. 17-00504 DKW-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT GRANT |
| vs. | ) PLAINTIFF'S APPLICATION TO |
| | ) PROCEED WITHOUT PREPAYING FEES |
| SECRETARY OF STATE OF HAWAII; | ) AND DISMISS THE COMPLAINT WITH |
| DEMOCRATIC PARTY OF HAWAII, | ) LEAVE TO AMEND |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING
FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND[1]

Before the Court is Plaintiff Ronald Satish Emrit's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on October 10, 2017 ("Application"). ECF No. 2. After careful consideration, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS the Complaint with leave to amend.

BACKGROUND

In his Complaint, Plaintiff states that he was a Democratic candidate for president of the United States in the 2016 general election and has decided to run again in 2020. ECF No. 1 ¶¶ 16, 26. Plaintiff alleges that he was not placed on the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

ballot in any jurisdiction except Palm Beach County, Florida. Id. ¶ 17. Plaintiff alleges that he was "told by several secretaries of state" that he would have to get a minimum number of petitions signed in order to be placed on the ballot. Id. ¶ 18. Plaintiff alleges that he is African-American and disabled. Id. ¶¶ 6, 23. Plaintiff asserts claims for violations of the Equal Protection Clause, the Due Process Clause, the Privileges and Immunities Clause, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, and state law claims for negligence and breach of contract. Id. ¶¶ 23-55. Plaintiff requests $45,000,000 in damages, injunctive relief, and liquidated damages. Id. at 15-17.

Plaintiff's Application states that he is not employed, receives $789 a month from Social Security, and has $1,230 in monthly expenses. ECF No. 2 at 1-5.

## DISCUSSION

**I.   The Court RECOMMENDS that the District Court GRANT Plaintiff's Application.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty

2

pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he receives $789 a month from Social Security and has $1,230 in monthly expenses. ECF No. 2 at 1-5. Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application. See 28 U.S.C. § 1915.

**II. The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Leave to Amend.**

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because

3

Plaintiff is appearing pro se, the Court liberally construes his Complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Additionally, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8.  Id. at 679; Fed. R. Civ. P. 8(a) (requiring that the complaint contain a short and plain statement showing

that the plaintiff is entitled to relief).

The Court FINDS that the Complaint fails to state a claim. As an initial matter, the Court lacks jurisdiction over all of Plaintiff's claims for money damages against the Secretary of State of Hawaii. See Young v. Hawaii, 911 F. Supp. 2d 972, 983 (D. Haw. 2012). Regarding Plaintiff's constitutional claims, although ballot qualification provisions may implicate certain constitutional rights, see Bullock v. Carter, 405 U.S. 134, 141 (1972), Plaintiff's allegations do not state how Defendants have violated his constitutional rights. Plaintiff's Complaint does not allege any facts regarding the actions of Defendants. Rather, the Complaint merely states that Plaintiff was told that some states require signed petitions for ballot access. See ECF No. 1 ¶ 18. This single allegation is insufficient to state a claim. Regarding Plaintiff's claim for a violation of Title VII of the Civil Rights Act of 1964, which prohibits employers from discriminating against employees, there are no allegations in the Complaint that Plaintiff was employed by Defendants or sought employment from Defendants. See Nowick v. Gammell, 351 F. Supp. 2d 1025, 1038 (D. Haw. 2004) (holding that the existence of an employment relationship with defendant is necessary to establish a Title VII violation). Regarding Plaintiff's claim for a violation of the Americans with Disabilities Act, Plaintiff does not include any factual allegations regarding how he was

discriminated against based on a disability. Although Plaintiff alleges that he is disabled, he does not include any facts regarding how he was discriminated against by Defendants based on his disability. Regarding Plaintiff's state law claim, "the Eleventh Amendment completely immunizes states, state agencies, and state officials sued in their official capacities from state-law claims brought in federal court." McNally v. Univ. of Haw., 780 F. Supp. 2d 1037, 1059 (D. Haw. 2011). Even putting aside the issue of immunity, Plaintiff's state law claim for negligence must fail because he does not allege a duty of care recognized by the law. See White v. Sabatino, 415 F. Supp. 2d 1163, 1173 (D. Haw. 2006) (stating the required elements for negligence). Plaintiff's state law claim for breach of contract must also fail because he does not allege the existence of a contract between Plaintiff and Defendants. See Wyndham Vacation Resorts, Inc. v. Architects Haw. Ltd., Grp. Pac. (Hawaii), Inc., 703 F. Supp. 2d 1051, 1062 (D. Haw. 2010) ("To prevail on this breach of contract claim, [plaintiff] must establish that a contract exists, and that [defendant] failed to perform as required by the contract.").

    Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be dismissed with leave to file an amended complaint to address the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.3.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Application to Proceed Without Prepayment of Fees;

2) DISMISS Plaintiff's Complaint without prejudice;

3) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

4) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 17, 2017.



Richard L. Puglisi
United States Magistrate Judge

**EMRIT V. SECRETARY OF STATE OF HAW., ET AL.; CIVIL NO. 17-00514 DKW-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**