IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY OF STATE OF HAWAII, *et al.*,<br><br>Defendants. | CIVIL NO. 17-00504 DKW-RLP<br><br>**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING PENDING MOTIONS AS MOOT** |

## INTRODUCTION

On November 13, 2017, Ronald Satish Emrit, proceeding pro se, filed a First Amended Complaint (Dkt. No. 10) that once again attempts to assert federal civil rights claims against the Secretary of State of Hawaii and the Democratic Party of Hawaii, alleging that he was unlawfully denied placement on the ballot for the presidential election in 2016. This action is one of the numerous, identical lawsuits Emrit has filed this year alone. The First Amended Complaint, however, suffers from many of the same deficiencies as Emrit's initial Complaint, previously identified in the October 17, 2017 Findings and Recommendation, adopted by the Court on November 6, 2017. Dkt. Nos. 4 (10/17/17 F&R) and 6 (11/6/17 Order

Adopting F&R).[1]  Because Emrit once more fails to state a claim for relief, the First Amended Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e).  The Court also DENIES as moot all pending motions, as discussed more fully below.[2]

## DISCUSSION

Because Emrit is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir.

---

[1] Although the Court granted Emrit's Application to proceed *in forma pauperis* and permitted him to file an amended complaint, the Court must screen the First Amended Complaint before it may be served.  28 U.S.C. § 1915(e)(2).  Section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[2] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

2013). Although he is proceeding pro se, Emrit is more than familiar with his federal court filing and pleading responsibilities, given his numerous prior actions.[3]

## I. The FAC Is Dismissed For Failure To State A Claim

Upon review of the FAC, the Court finds that Emrit again fails to state a claim upon which relief may be granted.[4]

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[3] The Court takes judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements. *See, e.g.*, *Emrit v. Arizona Supreme Court*, 2016 WL 910151, at *4 (D. Ariz. Mar. 9, 2016) (finding "that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff" and citing cases); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS (W.D. Tex. Feb. 5, 2015), Dkt. No. 35 (discussing forty-seven meritless federal lawsuits filed by Emrit since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-01760-GMN-PAL (D. Nev. July 29, 2015), Dkt. No. 36 (entering vexatious litigant order against Emrit); *Emrit v. Continuum Legal*, 2017 WL 2622368, *2 (E.D. Va. Jan. 31, 2017) ("Plaintiff is a serial pro se litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State*, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in several districts and enjoined from further filings without leave of court). *See also Emrit v. Am. Commc'ns Network, Inc.,* 583 F. App'x 46, 47 (4th Cir. 2014) (cautioning Emrit "that federal courts, including this court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings [and warning him that] [f]urther frivolous filings by Emrit may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court") (citation omitted).
[4] Although the FAC mentions in passing this Court's decisions in an unrelated case, *see* FAC ¶¶ 15–16, 30–31, those references are unrelated to Emrit's claims and raise no issues implicating any bias or impartiality.

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of

misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

> B. **The FAC Fails To State A Claim For Relief**

As a preliminary matter, the Court observes that Emrit has filed identical actions against other states, which have been summarily dismissed pursuant to the district courts' Section 1915 screening.[5]  For example, the District Court for the Southern District of Indiana dismissed his claims against the Secretary of State of Indiana and the Democratic Party of Indiana, finding that Emrit's allegations that "his constitutional rights were violated when the defendants refused to place him on the ballot for the primary and general presidential election in 2016," failed to state a claim for violation of his equal protection and due process rights, under Title VII or

---

[5]*See, e.g., Emrit v. Wyoming Sec. of State*, 2:17-cv-00174-SWS (D. Wyo. Oct. 31, 2017), Dkt. No. 3 ("Finally, it should be noted that Wyoming does not hold a Presidential primary election.   No candidates were placed on the ballot for the Presidential primary in 2016, because there was no Presidential primary election in Wyoming."); *Emrit v. Johnson*, 2:17-cv-13337 GCS-RSW (E.D. Mich. Oct. 19, 2017), Dkt. No. 4 (dismissing with prejudice identical claims against Michigan Secretary of State as frivolous); *Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Nov. 14, 2017), Dkt. No. 4 (recommending dismissal with prejudice of Emrit's identical claims against Minnesota Secretary of State, and that Emrit be restricted from filing new cases in the district unless represented by licensed counsel or with prior written authorization from a judicial officer, while noting that Emrit has initiated approximately 150 federal lawsuits since 2013).
  Several other identical actions remain pending as of the date of this order.   *See, e.g., Emrit v. Hammond*, 3:17-CV-2736-JFA (D.S.C. filed Oct. 10, 2017); *Emrit v. Oliver*, 1:17-CV-1024 JCH-GBW (D.N.M. filed October 10, 2017); *Emrit v. Gale*, 4:17-CV- 3133-RGK-PRSE (D. Neb. filed Oct. 10, 2017); *Emrit v. Silrum*, 1:17-CV-0212-CSM (D.N.D. filed Oct. 10, 2017); *Emrit v. Stapleton*, 1:17-CV-0136 (D. Mont. filed Oct. 10, 2017); *Emrit v. Kansas Sec. of State*, 2:17-CV-2593-CM-GLR (D. Kan. filed Oct. 10, 2017); *Emrit v. Denney*, 1:17-CV-0411-CWD (D. Idaho filed Oct. 10, 2017); *Emrit v. Dunlap*, 1:17-CV- 0402-CZS (D. Maine filed Oct. 11, 2017); *Emrit v. Sec. of State of Alaska*, 5:17-CV-6- SLG (D. Alaska filed Oct. 11, 2017); *Emrit v. Krebs*, 1:17-CV-1027-CBK (D.S.D. filed Oct. 12, 2017); *Emrit v. NH Sec. of State*, 1:17-CV-0489-PB (D.N.H. filed Oct. 13, 2017); *Emrit v. Condos*, 5:17-CV-0204-GWE (D. Ver. filed Oct. 11, 2017).

the ADA, and for breach of contract or negligence. *Emrit v. Lawson*, 2017 WL 4699279, at *1 (S.D. Ind. Oct. 19, 2017). Likewise here, Emrit's allegation that "there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course)," FAC ¶ 79, fails to state a claim and "is frivolous." *Lawson*, 2017 WL 4699279, at *2. First, Emrit fails to include any relevant facts or legal authority in support of his claim, such as the applicable Hawaiʻi regulation or party rule requiring petitions or signatures, whether he even attempted to comply with the requirements previously, and who excluded him from participation.[6] Second, Emrit's vague constitutional claim fails as a matter of law. *See Lawson*, 2017 WL 4699279, at *2 ("Emrit does *not* challenge the number of petitions or any other specific requirement other than he apparently disagrees with having to submit any petitions because he believes there is no good reason for the requirement. To the contrary, the Constitution confers upon the states broad authority to regulate the conduct of elections.") (internal citation and quotation marks omitted). Indeed, as

---

[6]For example, Plaintiff has not alleged any facts to demonstrate that the "Secretary of State of Hawaii" or the Democratic Party of Hawaii have any authority to place him on a primary and general ballot for the presidential election. Under the "Statement of Facts," he does not mention either party, nor does he allege any factual basis for a claim against them. FAC at 4-12. While Plaintiff's claims for relief suggest that Defendants have violated his rights, these are, in fact, bare legal conclusions. Emrit does not allege any factual basis giving rise to a claim against the Democratic Party of Hawaii. Moreover, the Secretary of State of Hawaii, named in the caption of the FAC, does not exist.

noted by several courts, notwithstanding Emrit's claims, signature and petition requirements are "not only constitutional but [also] make[] common sense that the government must put in place a structure for elections." *Lawson*, 2017 WL 4699279, at *2 ("Emrit's allegation that there is no compelling governmental justification for the requirement that prospective candidates must file a certain number of petitions signed by voters of the state along with a declaration of candidacy is frivolous.").

Beyond these core deficiencies, the FAC suffers from several of the same deficiencies identified in the original Complaint. First, the FAC yet again fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Even applying the most liberal pleading standard, the Court cannot discern the conduct of any party *in Hawaiʻi*

upon which any claim is based, other than Emrit's dissatisfaction at his omission from the 2016 presidential ballot. *See* FAC ¶¶ 15–75 (setting forth an incoherent factual recitation of no plausible relevance to Emrit's causes of action).

Second, to the extent Emrit attempts to bring a Title VII cause of action, he once again fails to state a claim. The allegation that "both of the defendants have violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot for the primary and general presidential election," FAC ¶ 88, is deficient on its face. As Emrit himself states in the prior paragraph, "Title VII of the Civil Rights Act of 1964 is a federal law that prohibits *employers* from discriminating against *employees* on the basis of sex, race, color, national origin, and religion." FAC ¶ 87 (emphasis added).[7] Because Emrit alleges no claims relating to employment discrimination, he fails to state a claim under Title VII, 42 U.S.C. § 2000e *et seq*.

---

[7]Moreover, to the extent he attempts to allege Title VII violations or an ADA violation based upon his alleged disability against any Defendant, Emrit has not established that he even attempted to exhaust his administrative remedies before filing the instant civil action. Title VII of the Civil Rights Act of 1964 and Title I of the ADA "contain[] the identical requirements for filing an administrative charge of discrimination[.]" *See Sumner v. Sacred Heart Medical Center*, 2005 WL 2415969, at *2 (E.D. Wash. Sept. 30, 2005) (citations omitted); 42 U.S.C. § 2000e; *see also B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Leorna v. United States Department of State*, 105 F.3d 548, 550 (9th Cir. 1997). Under both statutes, a plaintiff exhausts his administrative remedies by timely filing a charge with the EEOC or the appropriate state agency within the statutorily prescribed time limits. The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim. *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1142 (W.D. Wash. 2013); *see also Ong v. Cleland*, 642 F.2d 316, 318–20 (9th Cir. 1981). Where a plaintiff, for instance, does not timely file such a charge, the Court lacks subject matter jurisdiction to consider such claims. Accordingly, even if such claims were factually supported, Emrit fails to establish that he exhausted his administrative remedies as a prerequisite generally necessary to establish the Court's jurisdiction.

Emrit was previously notified of the shortcomings of this particular claim, but has neglected to cure the deficiencies in his FAC. *See* 10/17/17 F&R at 5 ("[T]here are no allegations in the Complaint that plaintiff was employed by Defendants or sought employment from Defendants."). Because the Court concludes that further attempts to amend this claim would be futile, the dismissal of Emrit's Title VII claim is with prejudice.

Third, insofar as he seeks damages for violations of his federal constitutional rights, Emrit fails to state a Section 1983 claim.[8] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Emrit states only that his rights to due process and equal protection were violated because defendants "exclude[ed] him from the primary and general election ballots in 2016," FAC ¶¶ 80, 84, 85, but fails to allege plausible facts that any violation was committed by a person acting under color of law. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a

---

[8]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

9

specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the FAC fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, Emrit's Section 1983 claims must be dismissed.

Finally, the Court again dismisses the claims for damages against the State of Hawaii or any unnamed state officials acting in their official capacities as barred by the Eleventh Amendment. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).

In sum, because Emrit again fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment of some claims *may* be possible, Emrit is granted leave to attempt to cure the deficiencies noted in this order, with instructions below.

## II. The Pending Motions Are Denied As Moot

Because the Court has dismissed the FAC and granted leave to amend in accordance with the terms of this order, Emrit's Motion for Leave to Amend (Dkt. No. 13) is denied as moot. In light of the absence of a pending complaint, the following premature filings are also summarily denied as moot: Motion to Compel Discovery (Dkt. No. 14); Motion to Request a Rule 16 Hearing (Dkt. No. 15); Motion to Subpoena Witnesses (Dkt. No. 16); Motion for a Default Judgment (Dkt. No. 17); Motion for a Preliminary Injunction (Dkt. No. 18); Motion for a Summary Judgment (Dkt. No. 19);[9] Motion for a Declaratory Judgment (Dkt. No. 20); Motion in Limine (Dkt. No. 20); and Motion for a Directed Verdict (Dkt. No. 22).

In view of these filings, the Court CAUTIONS Emrit that no further motions shall be entertained in this matter until an amended complaint is determined to state a claim pursuant to the Court's mandatory Section 1915 screening.[10]

---

[9]The Court likewise denies as moot Emrit's request for service of the FAC embeded within his Motion for a Summary Judgment. In the event that Emrit files an amended complaint in accordance with this order, the Court will revisit his request for service by the United States Marshal, as needed.

[10]The Court takes judicial notice of similar admonishments to Emrit:

> In his previous cases filed in this Court, Plaintiff was Ordered to "cease from using the e-mail address of the Court, any member of the Court or court employee" due to the voluminous emails being sent to the Court. Additionally, he was Ordered to refrain from filing any motions in his other case, "in view of [his] penchant for filing numerous frivolous motions." These are unusual but relatively minor sanctions.

## III. Limited Leave To Amend Is Granted

The dismissal of portions of the FAC is without prejudice, and Emrit is granted limited leave to amend to attempt to cure the deficiencies identified above. If Emrit chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Emrit fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v.*

---

*Emrit v. Providence Hous. Auth.*, WL 7638117, at *3 (D.R.I. Oct. 25, 2016), *report and recommendation adopted*, 2017 WL 52572 (D.R.I. Jan. 4, 2017), *aff'd*, 2017 WL 3254898 (1st Cir. May 23, 2017) (citations omitted). This Court has similarly cautioned Emrit regarding his repeated inappropriate attempts to communicate with the Court via email. *See* Dkt. No. 8 (11/8/17 Order) ("Emrit may neither seek relief nor attempt to communicate with the Court by way of email. The Court's orders inbox email address, which is the means Emrit has used for his communications, is for the receipt of proposed orders and stipulations for the Court's signature only and 'shall not be used for submitting correspondence to the court.' Local Rule 100.8.3. Thus, the Court will not respond to these communications or any similar future communications.").

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Emrit may include only one claim per count. Failure to file an amended complaint by **December 22, 2017** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, the First Amended Complaint is DISMISSED with limited leave to amend (Dkt. No. 10), and all pending Motions are DENIED as moot (Dkt. Nos. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22).

Emrit is granted limited leave to file an amended complaint in accordance with the terms of this order by **December 22, 2017**. The Court CAUTIONS Emrit

that failure to file an amended complaint by **December 22, 2017** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: November 20, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Emrit v. Secretary of State of Hawaii, et al.*; Civil No. 17-00504 DKW-RLP; **ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING PENDING MOTIONS AS MOOT**