# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY OF STATE OF HAWAII, *et al.*,<br><br>Defendants. | CIVIL NO. 17-00504 DKW-RLP<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

On December 11, 2017, Ronald Satish Emrit, proceeding pro se, filed a Third Amended Complaint (Dkt. No. 30) that again attempts to assert federal civil rights claims against the Secretary of State of Hawaii and the Democratic Party of Hawaii, alleging that he was unlawfully denied placement on the ballot for the presidential election in 2016. This action is one of numerous, identical lawsuits Emrit filed in October 2017 in federal courts across the United States. The Third Amended Complaint suffers from the same deficiencies as its predecessors, previously identified in the Court's October 17, 2017 and November 20, 2017 Orders dismissing with leave to amend both his initial Complaint and First Amended Complaint. *See* Dkt. Nos. 4 (10/17/17 F&R), 6 (11/6/17 Order Adopting F&R),

and 23 (11/20/17 Order).[1]  Because Emrit once more fails to state a claim for relief, and because the Court determines that further leave to amend would be futile, the Third Amended Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

### I. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Emrit filed both a Second Amended Complaint (Dkt. No. 29) and a Third Amended Complaint ("TAC") on the same day, December 11, 2017. Because the TAC supersedes the Second Amended Complaint and renders the latter as "non-existent," *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), the Court considers only the TAC in this Order. Although the Court granted Emrit's Application to proceed *in forma pauperis* and twice permitted him to file an amended complaint, the Court must screen the TAC before it may be served. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(Section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 679.

Because Emrit is appearing pro se, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v.*

*MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

A court may, however, deny leave to amend where further amendment would be futile. *See, e.g., Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (Leave to amend may be denied "where the amendment would be futile."). As noted in this Court's prior Order, although he is proceeding pro se, Emrit is more than familiar with his federal court filing and pleading responsibilities, given his numerous prior actions.[2]

---

[2] The Court again takes judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements. *See, e.g.*, *Emrit v. Arizona Supreme Court*, 2016 WL 910151, at *4 (D. Ariz. Mar. 9, 2016) (finding "that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff" and citing cases); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS (W.D. Tex. Feb. 5, 2015), Dkt. No. 35 (discussing forty-seven meritless federal lawsuits filed by Emrit since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-01760-GMN-PAL (D. Nev. July 29, 2015), Dkt. No. 36 (entering vexatious litigant order against Emrit); *Emrit v. Continuum Legal*, 2017 WL 2622368, *2 (E.D. Va. Jan. 31, 2017) ("Plaintiff is a serial pro se litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State*, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in several districts and enjoined from further filings without leave of court). *See also Emrit v. Am. Commc'ns Network, Inc.*, 583 F. App'x 46, 47 (4th Cir. 2014) (cautioning Emrit "that federal courts, including this court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings [and warning him that] [f]urther frivolous filings by Emrit may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court") (citation omitted).

## II. The TAC Is Dismissed For Failure To State A Claim

Upon review of the Third Amended Complaint ("TAC"), the Court finds that Emrit again fails to state a claim upon which relief may be granted. He once more alleges violations of his equal protection and due process rights under the Fourteenth Amendment and a violation of Title VII, yet fails to cure the very same deficiencies noted in the Court's 11/20/17 Order dismissing his First Amended Complaint with limited leave to amend. In that Order, the Court took notice of the identical actions filed by Emrit against numerous other states this year, which have been summarily dismissed pursuant to the district courts' Section 1915 screening. *See* 11/20/17 Order at 5–6.[3] For example, the District Court for the Southern District of Indiana dismissed his claims against the Secretary of State of Indiana and the Democratic

---

[3]*See also, e.g., Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Dec. 8, 2017), Dkt. Nos. 4 and 9 (dismissing with prejudice Emrit's identical claims against Minnesota Secretary of State, ordering that Emrit be restricted from filing new cases in the district unless represented by licensed counsel or with prior written authorization from a judicial officer, while noting that Emrit has initiated approximately 150 federal lawsuits since 2013); *Emrit v. Wyoming Sec. of State*, 2:17-cv-00174-SWS (D. Wyo. Oct. 31, 2017), Dkt. No. 3 (dismissing case, noting "that Wyoming does not hold a Presidential primary election[, no] candidates were placed on the ballot for the Presidential primary in 2016, because there was no Presidential primary election in Wyoming"); *Emrit v. Johnson*, 2:17-cv-13337 GCS-RSW (E.D. Mich. Oct. 19, 2017), Dkt. No. 4 (dismissing with prejudice identical claims against Michigan Secretary of State as frivolous).

Several other identical actions remain pending as of the date of this order. *See, e.g., Emrit v. Hammond*, 3:17-CV-2736-JFA (D.S.C. filed Oct. 10, 2017); *Emrit v. Oliver*, 1:17-CV-1024 JCH-GBW (D.N.M. filed October 10, 2017); *Emrit v. Silrum*, 1:17-CV-0212-CSM (D.N.D. filed Oct. 10, 2017); *Emrit v. Stapleton*, 1:17-CV-0136 (D. Mont. filed Oct. 10, 2017); *Emrit v. Kansas Sec. of State*, 2:17-CV-2593-CM-GLR (D. Kan. filed Oct. 10, 2017); *Emrit v. Denney*, 1:17-CV-0411-CWD (D. Idaho filed Oct. 10, 2017); *Emrit v. Dunlap*, 1:17-CV- 0402-CZS (D. Maine filed Oct. 11, 2017); *Emrit v. Sec. of State of Alaska*, 5:17-CV-6- SLG (D. Alaska filed Oct. 11, 2017); *Emrit v. Krebs*, 1:17-CV-1027-CBK (D.S.D. filed Oct. 12, 2017); *Emrit v. NH Sec. of State*, 1:17-CV-0489-PB (D.N.H. filed Oct. 13, 2017); *Emrit v. Condos*, 5:17-CV-0204-GWE (D. Ver. filed Oct. 11, 2017).

Party of Indiana, finding that Emrit's allegation that "his constitutional rights were violated when the defendants refused to place him on the ballot for the primary and general presidential election in 2016," failed to state a claim for violation of his equal protection and due process rights, under Title VII or the ADA, and for breach of contract or negligence. *Emrit v. Lawson*, 2017 WL 4699279, at *1 (S.D. Ind. Oct. 19, 2017). Likewise here, Emrit's re-asserted constitutional cause of action—following initial dismissal—that "there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course)," TAC ¶¶ 79, 84, again fails to state a claim and "is frivolous." *Lawson*, 2017 WL 4699279, at *2. Emrit asserts in the TAC that—

> 63.) The plaintiff also applied to be a Special Agent and/or intelligence analyst with the FBI after having spoken to Kal Wong in the Honolulu, Hawaii field office and Andrea Kalucci in North Miami Beach, FL field office (Hawaii and Florida are both thought of as paradise).
>
> 64.) While the plaintiff was never officially offered a job by FBI or CIA, the plaintiff believes in "good faith" that he is an "intelligence subject" with CIA and particularly with regards to Project: NIKUltra (although the plaintiff admits that he can not prove such a claim).
>
> 65.) The plaintiff believes that he has limited psychic abilities and that he can help the National Reconnaissance Office (NRO), National Geospatial Intelligence Agency (NGA), Defense Intelligence Agency (DIA), U.S. Naval

>           Intelligence, and other intelligence agencies help locate
>           the ARA San Juan submarine which disappeared in the
>           North Atlantic after having left an Argentine naval base in
>           Patagonia (close to Tierra del Fuego) in a place called
>           Ushuaia (on its way to Mar Del Plata).
>
>           ****
>
>     68.)  Because of the fact that the plaintiff used to work for NIH
>           (in Rockville, MD and Bethesda, MD), he is also trying to
>           find a cure to brain cancer, Alzheimer's Disease (to help
>           his mother and Senator John McCain (R-Arizona), and he
>           is also trying to solve Unified Field Theory in physics
>           (espoused by the late great Albert Einstein and Dr.
>           Stephen Hawking of Cambridge University in England).
>           This would make the plaintiff very presidential!
>
>     69.)  Nevertheless, the plaintiff was a Democratic candidate for
>           president of the United States in the 2016 general election.
>           As such, he ran alongside Bernie Sanders, Hillary Clinton,
>           and President [T]rump.
>
>     70.)  The plaintiff was only placed on an official ballot in Palm
>           Beach County, FL whereas he was not placed on a ballot
>           in any other jurisdiction in the country.
>
>     71.)  The plaintiff was told by several secretaries of state that in
>           order to get placed on the ballot in the primary or general
>           election, he would have had to get a minimum number of
>           petitions signed from the constituents of each jurisdiction
>           in which he wanted to run for president in the general
>           election (as an independent candidate).

TAC.

The TAC, in other words, repeats the very same deficiencies previously discussed in the 11/20/17 Order. First, as before, and despite the Court's guidance, Emrit again fails to include any relevant facts or legal authority in support of his

claim, such as the applicable Hawai'i regulation or party rule requiring petitions or signatures, whether he even attempted to comply with the requirements previously, and who excluded him from participation.[4] Second, Emrit's vague constitutional claims fail as a matter of law. *See Lawson*, 2017 WL 4699279, at *2 ("Emrit does *not* challenge the number of petitions or any other specific requirement other than he apparently disagrees with having to submit any petitions because he believes there is no good reason for the requirement. To the contrary, the Constitution confers upon the states broad authority to regulate the conduct of elections.") (internal citation and quotation marks omitted). In fact, as noted by several courts, notwithstanding Emrit's claims, signature and petition requirements are "not only constitutional but [also] make[] common sense that the government must put in place a structure for elections." *Lawson*, 2017 WL 4699279, at *2. In short, "Emrit's allegation that there is no compelling governmental justification for the requirement that prospective candidates must file a certain number of petitions signed by voters of the state along with a declaration of candidacy is frivolous." *Id*.

Beyond these core deficiencies, the TAC suffers from several additional defects identified in the Court's Orders dismissing the original Complaint and First

---

[4]For example, Plaintiff has not alleged any facts to demonstrate that the "Secretary of State of Hawaii" or the Democratic Party of Hawaii have any authority to place him on a primary and general ballot for the presidential election. Under the "Statement of Facts," he does not mention either party, nor does he allege any factual basis for a claim against them. TAC ¶¶ 49–73. Indeed, the Secretary of State of Hawaii, named in the caption of the TAC, does not exist. Rather, on page 12 of the twenty-four page TAC, Emrit states that "The first defendant is 'doing business as' (d/b/a/) State of Hawaii Office of Elections." TAC ¶ 40.

8

Amended Complaint.  First, the TAC yet again fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even applying the most liberal pleading standard, the Court cannot discern the conduct of any party *in Hawai'i* upon which any claim is based, other than Emrit's dissatisfaction at his omission from the 2016 presidential ballot. *See, e.g.,* TAC ¶¶ 2–34, 49–61 (setting forth an incoherent factual recitation implicating Cuba, Argentina, and his medical history, none of which demonstrates any plausible relevance to Emrit's causes of action).

Second, to the extent Emrit again attempts to bring a Title VII cause of action, which the Court has already dismissed *with prejudice*, he once again fails to state a claim. *See* 11/20/17 Order at 10 (finding that further amendment would be futile and dismissing identical Title VII claim with prejudice). The Court previously advised Emrit that his present allegation that "both of the defendants have violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot for the primary and general presidential election," TAC ¶ 88, is deficient on its face. *See* 11/20/17 Order at 9–10. As Emrit himself states in the prior paragraph, "Title VII of the Civil Rights Act of 1964 is a federal law that prohibits *employers* from discriminating against *employees* on the basis of sex, race, color, national origin, and religion." TAC ¶ 87 (emphasis added). Because Emrit alleges no claims relating

to employment discrimination, he fails to state a claim under Title VII, 42 U.S.C. § 2000e *et seq*.[5] Emrit was twice notified of the shortcomings of this particular claim. *See* 10/17/17 F&R at 5 ("[T]here are no allegations in the Complaint that plaintiff was employed by Defendants or sought employment from Defendants."); 11/20/17 Order at 10. Emrit fails to state a Title VII claim against these Defendants as a matter of law.

Third, insofar as he seeks *damages* for violations of his federal constitutional rights, Emrit cannot maintain a Section 1983 claim.[6] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or

---

[5]The Court once more informs Emrit that to the extent he attempts to allege a Title VII violation based upon his race or an ADA violation based upon his alleged disability, he again fails to establish that he even attempted to exhaust his administrative remedies before filing the instant civil action. Title VII of the Civil Rights Act of 1964 and Title I of the ADA "contain[] the identical requirements for filing an administrative charge of discrimination[.]" *See Sumner v. Sacred Heart Medical Center*, 2005 WL 2415969, at *2 (E.D. Wash. Sept. 30, 2005) (citations omitted); 42 U.S.C. § 2000e; *see also B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Leorna v. United States Department of State*, 105 F.3d 548, 550 (9th Cir. 1997). Under both statutes, a plaintiff exhausts his administrative remedies by timely filing a charge with the EEOC or the appropriate state agency within the statutorily prescribed time limits. The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim. *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1142 (W.D. Wash. 2013); *see also Ong v. Cleland*, 642 F.2d 316, 318–20 (9th Cir. 1981). Where a plaintiff, for instance, does not timely file such a charge, the Court lacks subject matter jurisdiction to consider such claims. Accordingly, even if such claims were factually supported, Emrit fails to establish that he exhausted his administrative remedies as a prerequisite generally necessary to establish the Court's jurisdiction.

[6]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Emrit states only that his rights to due process and equal protection were violated because Defendants "exclude[ed] him from the primary and general election ballots in 2016," TAC ¶¶ 80, 84, 85, but fails to allege plausible facts that any violation was committed by a person acting under color of law. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the TAC—like his prior pleadings—fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, any Section 1983 claims must be dismissed.

Finally, the Court again dismisses the claims for *damages* against the State of Hawaii or any unnamed state officials acting in their official capacities as barred by the Eleventh Amendment. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D.

Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).

In sum, Emrit again fails to state a plausible claim for relief. Moreover, he neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's Orders. The Court most recently permitted him limited leave to amend to attempt to cure the deficiencies noted in the 11/20/17 Order, but specifically explained that certain claims were dismissed *with prejudice* and cautioned that those claims were *not* to be re-alleged in any amended complaint. *See* 11/20/17 Order at 10; *id*. at 12–13 (explaining that "dismissal of portions of the FAC is without prejudice, and Emrit is granted limited leave to amend to attempt to cure the deficiencies identified;" however, claims dismissed with prejudice should not be re-alleged in an amended complaint but are preserved for any future appeal). The TAC, however, ignores these admonitions, and alleges the very same Fourteenth Amendment violations and Title VII claims against the same Defendants. Insofar as the TAC simply repeats the same allegations against the same Defendants, it is axiomatic that they fail to state a claim—they were all previously dismissed for that reason. Even viewing the TAC in the light most favorable to Emrit, the re-asserted claims previously dismissed *with prejudice* exceed the leave to amend granted in the Court's 11/20/17 Order.

## **CONCLUSION**

Emrit again fails to state cognizable claims for relief. He was twice given the opportunity to amend his allegations to state plausible claims, together with the directions on how to do so, yet he has been unable to comply. Because Emrit failed to follow the Court's prior Orders and again fails to state a claim for relief in any count of the TAC, the Court finds that any further attempt to amend would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

For the foregoing reasons, Emrit's Third Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: January 2, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Emrit v. Secretary of State of Hawaii, et al.*; Civil No. 17-00504 DKW-RLP; **ORDER DISMISSING CASE**